UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

JAMIE ORSINI and NICHOLAS ORSINI,

Defendants.

**OPINION & ORDER**

S1 23-CR-00402 (PMH)

PHILIP M. HALPERN, United States District Judge:

Jamie Orsini and Nicholas Orsini ("Defendants") stand charged in a two-count indictment for (i) committing a carjacking resulting in death in violation of 18 U.S.C. §§ 2119(3) and 2; and (ii) participating in a conspiracy to commit a carjacking in violation of 18 U.S.C. § 371. (Doc. 38, "Indictment"). Before the Court is Defendant Jamie Orsini's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure. (Doc. 31).[1] Defendant Jamie Orsini filed, pursuant to the Court's briefing schedule, a motion to dismiss on October 31, 2023. (Doc. 31; Doc. 32; Doc. 33, "Def. Br."). The Government filed its opposition on November 5, 2023 (Doc. 34), and the motion was fully briefed with the filing of Defendant's reply on November 22, 2023 (Doc. 37). The Court heard oral argument on Defendants' motion to dismiss on January 17, 2024.[2] (*See* Jan. 17, 2024 Minute Entry).

---

[1] The Government filed a Superseding Indictment against Defendants on January 9, 2024, after Defendant Jamie Orsini had filed her motion to dismiss. (Doc. 38). The Court, on January 10, 2024, directed defense counsel to file a letter advising as to whether Defendant Jamie Orsini intended on pressing the pending motion to dismiss as against the Superseding Indictment. (Doc. 39). Defense counsel filed a letter on January 12, 2024 stating that Defendant Jamie Orsini wished to proceed with her motion to dismiss and that "[t]he superseding indictment contains the same defects identified in the defendant's moving papers and therefore, [defense counsel] believe[s] that the Court can rule on the motion without the need for additional briefing or a new motion." (Doc. 41).

[2] Defendant Nicholas Orsini, who was not charged in this case at the time of the filing of the motion to dismiss, was arraigned before this Court on January 17, 2024. (*See* Jan. 17 2024 Minute Entry). Following his arraignment, Defendant Nicholas Orsini made an oral application to join Defendant Jamie Orsini's motion to dismiss which the Court granted. (*Id.*).

**BACKGROUND**

The Complaint alleges that in the days before April 28, 2020, Defendants prepared to murder Jamie Orsini's ex-husband, Steven Kraft, including buying a so-called "burner phone" and tools necessary for the murder and cover-up. (Doc. 1, "Compl." ¶¶ 6(a), 7(a) & (c)). Defendants planned to take and move Kraft's car as part of the murder, so they also drove a preparatory "dry run" from Beacon, New York (where Defendants lived and would eventually kill Kraft) to Newburgh, New York (where Defendants would dispose of Kraft's car). (*Id.* ¶¶ 6(a), 7(c)). On April 28, 2020, after Kraft dropped off his children with Jamie Orsini at her house, Defendants allegedly killed Kraft and took his car, driving it from their home in Beacon, New York, to Newburgh, New York, where they abandoned the car. (*Id.* ¶¶ 6(b), 10(a)).

Magistrate Judge McCarthy, swore out a complaint on June 9, 2023, charging Defendants with: (1) carjacking resulting in death, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2119(3) and 2; and (2) participating in a conspiracy to commit carjacking, in violation of 18 U.S.C. § 371. (*Id.* ¶¶ 1–4). The following week, Jamie Orsini was arrested and presented before Magistrate Judge Reznik, where she was ordered detained on consent. (Doc. 7). Eight days later, on June 23, 2023, Magistrate Judge Krause held a detention hearing and ordered Jamie Orsini detained pending trial. (Doc. 15).

With respect to Count One of the Superseding Indictment—committing a carjacking resulting in death—the grand jury charged:

> On or about April 28, 2020, in the Southern District of New York, Jamie Orsini and Nicholas Orsini, the defendants, with the intent to cause death and serious bodily harm, knowingly took a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and did aid and abet the same, and death resulted, to wit, the Orsinis killed Steven Kraft and drove his car from Beacon, New York, to Newburgh, New York.

2

(Indictment ¶1). With respect to Count Two of the Superseding Indictment—participating in a conspiracy to commit a carjacking—the grand jury charged:

> From at least on or about April 26, 2020, up to and including on or about April 28, 2020, in the Southern District of New York and elsewhere, Jamie Orsini and Nicholas Orsini, the defendants, together with others known and unknown, knowingly and willfully did conspire and agree together and with each other to commit one and more offenses against the United States, to wit, 18 U.S.C. § 2119.
>
> It was a part and object of the conspiracy that Jamie Orsini and Nicholas Orsini, the defendants, together with others known and unknown, with the intent to cause death and serious bodily harm, would and did knowingly take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, in violation of 18 U.S.C. § 2119.

(*Id.* ¶¶ 2-3). The grand jury also charged, with respect to Count Two of the Superseding Indictment, that Defendants committed overt acts in furtherance of the conspiracy. (*Id.* ¶ 4).

## STANDARD OF REVIEW

Defendants move under Rule 12(b) of the Federal Rules of Criminal Procedure to dismiss the Indictment. "Before trial, a defendant 'may raise by . . . motion any defense, objection, or request that the court can determine without a trial on the merits,' including a motion alleging 'a defect in the indictment.'" *United States v. Aiyer*, 33 F.4th 97, 116 (2d Cir. 2022) (quoting Fed. R. Crim. P. 12(b)(1) and (b)(3)(B)).[3] Defendants move to dismiss the Indictment "on the grounds that it fails to allege adequately that she violated the federal carjacking statute, 18 U.S.C. § 2119." (Doc. 33 at 2). Defendants specifically argue that the Indictment fails to state an offense because it does not allege that the murder of Kraft "had a sufficient nexus to a carjacking." (*Id.*).

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"An indictment . . . need not be perfect, and common sense and reason are more important than technicalities." *United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001). "[D]ismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *Id.* at 165 (citing *United States v. Nai Fook Li,* 206 F.3d 56, 61 (1st Cir. 2000)). "An indictment returned by a legally constituted and unbiased jury . . . if valid on its face, is enough to call for a trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). To be valid on its face, "[a]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Wedd*, 993 F.3d 104, 120 (2d Cir. 2021). "The form is governed by [Rule] 7(c)(1), which requires that an indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged." *United States v. Cruz*, No. 21-CR-00502, 2022 WL 17586274, at *2 (S.D.N.Y. Dec. 12, 2022) (citing Fed. R. Crim. P 7(c)(1)). "An indictment is sufficient as long as it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Dawkins*, 999 F.3d 767, 779 (2d Cir. 2021). "Defendants seeking to dismiss an indictment carry a 'Herculean burden' given the extraordinary nature of the remedy sought." *United States v. Rodrigues*, No. 22-CR-00391, 2024 WL 113744, at *2 (S.D.N.Y. Jan. 10, 2024) (citing *United States v. Coren*, No. 07-CR-00265, 2009 WL 2579260, at *1 (E.D.N.Y. Aug. 20, 2009)).

District courts considering Rule 12 motions can "make factual determinations in matters that do not implicate the general issue of a defendant's guilt," but "cannot resolve 'a factual dispute that is inextricably intertwined with a defendant's potential culpability,' as that is a role reserved for the jury." *Aiyer*, 33 F.4th at 116 (quoting *United States v. Sampson*, 898 F.3d 270, 281 (2d Cir.

2018)); *see also United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) (inquiry on pretrial motion to dismiss should not go beyond the face of the indictment and into the sufficiency of the evidence that would be introduced by the government at trial); *United States v. Griffith*, 515 F. Supp. 3d 106, 113 (S.D.N.Y. 2021) ("A pretrial motion to dismiss an indictment must not weigh the sufficiency of the evidence.").

## ANALYSIS

Defendants argue that the Indictment should be dismissed because "the Government has not alleged (and cannot prove) the required nexus between the intent to kill or harm Kraft and the taking of his car." (Def. Br. at 8). The Indictment alleges that Defendants, on or about April 28, 2020, "with the intent to cause death and serious bodily harm, knowingly took a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and did aid and abet the same, and death resulted." (Indictment ¶ 1). These allegations "track the language of the statute charge and state the time and place (in approximate terms) of the alleged crime." *Dawkins*, 999 F.3d at 779. No more is required under well-established Second Circuit law. *See Alfonso*, 143 F.3d at 776; *United States v. Tarantino*, 617 F. App'x 62, 63 (2d Cir. 2015) (upholding an indictment that "tracked the language of the relevant statute, contained the elements of the offense charged (including the applicable *mens rea* requirement"); *United States v. Bout*, 731 F.3d 233, 240 (2d Cir. 2013) ("we have consistently upheld indictments that do little more than to track the language of the statute charged"); *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992).

Defendants conceded at oral argument that the Indictment tracks the language of the statute. Defendants instead argue that the Government cannot prove a nexus between the intent to kill or harm Kraft and the taking of his car in light of comments made by the Government on its

5

theory of the case during the June 23, 2023 detention hearing before Magistrate Judge Krause. (Def. Br. at 7-9). The Government, in describing its theory of the case, made the following presentation to Magistrate Judge Krause during the detention hearing:

> As [Defendants] planned, they decided they had to move [Kraft's] car. This was something they thought out in advance. As your Honor saw in the complaint, a day or two before the murder, they drove this very odd circuitous route from their home in Beacon into Newburgh, taking a very odd way to do it to go to a specific point in the drug-riddled area of Newburgh. They drove this exact same route – or at least Mr. Orsini drove this exact same route in Steven Kraft's car. It's reasonable to think Steven Kraft is dead at this – already dead at this point because there would be no reason, A, no reason for him not to be given the plan and B, because there would be no reason for Nicholas Orsini to leave a small woman at home with a man who they were trying to murder.

(Doc. 32-2 at 9:18-10:5). Defendants interpret these comments to mean that "the force was allegedly employed to harm the victim, not to take the victim's vehicle" and therefore that "the Government has not alleged (and cannot prove) the required nexus between the intent to kill or harm Kraft and the taking of his car." (Def. Br. at 8).

Defendants, in support of their argument that the Court can consider comments made by the Government at a detention hearing on a motion to dismiss, cite to then-Judge Gorsuch's decision in *United States v. Pope*. Then-Judge Gorsuch noted that "Rule 12 permits pretrial resolution of a motion to dismiss only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of [a] defense.'" *United States v. Pope*, 613 F.3d 1255 (10th Cir. 2010) (Gorsuch, J.) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). Then-Judge Gorsuch went on to note that courts may resort "to facts outside the indictment and bearing on the general issue in the 'limited circumstances' where '[1] the operative facts are undisputed . . . [2] the government fails to object to the district court's consideration of those undisputed facts, and [3] the district court can determine from them that, as

6

a matter of law, the government is incapable of proving its case beyond a reasonable doubt.'" *Id.* at 1260 (quoting *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994)). The *Pope* court went on to warn that "even *latent* factual disputes over circumstances surrounding the commission of the alleged offense can sometimes prevent pretrial determination of a defense." *Id.* at 1261. Defendants raise precisely such a factual dispute over the circumstances surrounding the commission of the alleged offense that prevents pretrial determination, namely, whether Defendants had the requisite *mens rea* at the time they demanded or took control of the car. (Def. Br. at 8 ("Thus, in Orsini's case . . . the force allegedly was employed to harm the victim, not to take the victim's vehicle.")). The factual dispute involving Defendants' *mens rea* is clearly "inextricably intertwined with a defendant's potential culpability" and as such, resolution of that dispute "is a role reserved for the jury." *Aiyer*, 33 F.4th 116 (citing *Sampson*, 898 F.3d at 281).

The motion to dismiss in effect seeks summary judgment on the issue of Defendants' *mens rea*, but "Rule 12 is not a parallel to civil summary judgment procedures." *Pope*, 614 F.3d at 1261; *see also Sampson*, 898 F.3d at 280 ("Permitting civil "summary judgment"-like motions under this Rule would enable an end-run around the calibrated framework for discovery in criminal cases. To overcome such motions, the government might need to reveal its complete case before trial. But this would upset the policy choices reflected in the criminal discovery rules—and provide an advantage to the defense that the Rules' drafters did not intend.") The Court may not, and does not, resolve this factual dispute on a motion to dismiss. Whether the Government's evidence sufficiently establishes the requisite *mens rea* "is not the proper subject of a pretrial motion to dismiss." *Cruz*, 2022 WL 17586274, at *4. Accordingly, the motion to dismiss is denied.

Defendants, at oral argument, requested that the Court direct the Government to make a full proffer of its theory of the case. Defendants, in support of this request, rely on *Alfonso*, 143

F.3d at 777 and *United States v. Mennuti,* 639 F.2d 107, 108-09 (2d Cir. 1981). Both *Alfonso* and *Mennuti* are distinguishable. Both cases involved challenges to the sufficiency of the evidence with respect to the jurisdictional element of the statutes charged, an issue not before the Court in the instant motion. Moreover, in *Alfonso*, the Second Circuit noted that "[t]he government's brief statement during oral argument on its motion for reconsideration that it could prove defendants conspired to steal money and 'a quantity of cocaine that was more than a personal use amount' cannot fairly be described as a full proffer for purposes of a pretrial ruling on the sufficiency of the evidence." 143 F.3d at 777. The Government's brief statements describing its theory of the case at a detention hearing here likewise cannot be described as a full proffer for purposes of a pretrial ruling on the sufficiency of the evidence. *Id.* Neither *Alfonso* nor *Mennuti* involved a district court judge requiring the government to make a full proffer, nor have Defendants sufficiently articulated why they are entitled to such relief here. In both *Alfonso* and *Mennuti*, the government made a proffer of evidence (in one instance very brief and in another more fulsome) voluntarily. Defendants have not provided any caselaw, statutory, or rule-based support for the proposition that the Court has the authority to compel the Government to make a full proffer of evidence. Nor is the Court independently aware of any such authority. Defendants' request that the Government be required to submit a full proffer of its theory of the case is accordingly denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 31.

SO ORDERED:

Dated: White Plains, New York
January 19, 2024

_____
PHILIP M. HALPERN
United States District Judge

8