UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   - against -

JAMIE ORSINI and NICHOLAS ORSINI,

                            Defendants.

**OPINION & ORDER**

S1 23-CR-00402 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Jamie Orsini and Nicholas Orsini ("Defendants") stand charged in a two-count indictment for (i) committing a carjacking resulting in death in violation of 18 U.S.C. §§ 2119(3) and 2; and (ii) participating in a conspiracy to commit a carjacking in violation of 18 U.S.C. § 371. (Doc. 38). Before the Court is Defendant Jamie Orsini's motion to sever her case from Defendant Nicholas Orsini under Federal Rule of Criminal Procedure 14. Defendant Jamie Orsini filed the motion to sever, pursuant to the briefing schedule directed by the Court, on April 15, 2024. (Doc. 50, "Def. Br."). Defendant Nicholas Orsini filed a letter on May 6, 2024 stating that he would have "no objection" if the Court "were to issue an Order granting Mrs. Orsini a separate trial that preceded the trial of Mr. Orsini." (Doc. 52). The government filed its opposition to the motion to sever on May 13, 2023. (Doc. 58, "Gov. Br."). The government also submitted, via an email to chambers, two exhibits related to its opposition: a March 8, 2024 letter from the government to defense counsel regarding the production of jail calls and a September 6, 2023 letter from the government to defense counsel regarding the production of certain discovery. The Court heard oral argument from the parties on June 18, 2024. (Jun. 18, 2024 Minute Entry).

      For the reasons set forth below, Defendant Jamie Orsini's motion to sever is DENIED.

**BACKGROUND**

I.   Allegations Against Defendants

The government alleges that Defendants, on April 28, 2020, murdered Steven Kraft—Mrs. Orsini's ex-husband and the father of two of her children—after Mr. Kraft dropped off those children at Defendants' residence. (Doc. 2, "Compl."). The government alleges that the scheme to murder Mr. Kraft required both members to play vital roles in its preparation and cover-up. (*Id.*). For example, two days before the murder, Mrs. Orsini allegedly purchased some of the items that she and her husband would need to carry out their grisly plan—a large tarp, duct tape, a coverall suit, and boots. (*Id.* ¶ 7(a)). Defendants also allegedly drove together on at least one "dry run" of the route that Mr. Orsini would later take to dispose of Mr. Kraft's car. (*Id.* at ¶¶ 6(a), 7(c)). The government alleges that on the day of the murder, Defendants killed Mr. Kraft and disposed of his car—which was parked at the Defendants' residence—using the same route that they had plotted days before. (*Id.* at ¶¶ 8-9). Defendants also allegedly engaged in a variety of activities aimed at covering up the murder, including, disposing of Mr. Kraft's body. (*Id.* ¶¶ 6(c), 11–23).

II.   Relevant Procedural History

Magistrate Judge Judith C. McCarthy swore out a complaint on June 9, 2023. (Compl. ¶¶ 1-4). Defendants were arrested the following week and presented before the Magistrate Judge Victoria Reznik and were ordered detained on consent. (Doc. 7). On August 8, 2023, a grand jury returned the Indictment, charging only Mrs. Orsini in two counts with: (1) carjacking resulting in death, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2119(3) and 2; and (2) participating in a conspiracy to commit carjacking, in violation of 18 U.S.C. § 371. (Doc. 22). Mrs. Orsini was arraigned on August 10, 2023 before the Magistrate Judge Andrew E. Krause, and appeared on the same day for an initial status conference before this Court. (Aug. 10, 2023 Minute Entry). Mrs. Orsini, at the end of the August 10, 2023 initial conference, consented to exclusion

of time under the Speedy Trial Act. (*Id.*). In total, the Court has excluded time under the Speedy Trial Act six times, with Mrs. Orsini consenting to all but one exclusion:

- August 10, 2023 Initial Conference (Doc. 57, "Aug. 10, 2023 Conf. Tr."): Mrs. Orsini consented to the exclusion of time through October 5, 2023. (Aug. 10, 2023 Conf. Tr. at 7:4-8:11). The Court accordingly excluded time through October 5, 2023, finding "that the failure to grant a continuance would deny counsel the reasonable time needed to propound and review discovery, contemplate motion practice, discuss possible pretrial resolution, and for the effective preparation of subsequent matters herein." (*Id.*);

- October 4, 2023 Letter (Doc. 27): On October 4, 2023, the Court adjourned Mrs. Orsini's status conference until November 6, 2024 due to a COVID-19 quarantine imposed at the Westchester County Jail. (Doc. 27). The government represented that, after consulting with her counsel, Mrs. Orsini consented to exclusion of time through November 6, 2023, "because, among other things, it will allow the defendant to attend the pre-trial conference and allow defense counsel to review discovery with their client, determine what pre-trial motions, if any, to make and prepare such motions, prepare for trial, and engage in disposition discussions if the defendant so desires." (Doc. 26 at 2). The Court accordingly excluded time through November 6, 2023. (Doc. 28);

- November 6, 2023 Status Conference (Nov. 6, 2023 Minute Entry): Mrs. Orsini consented to the exclusion of time through January 17, 2024. (*Id.*). The Court accordingly excluded time through January 17, 2024, "in the interest of justice, to allow the parties time to review discovery, contemplate a reply to the motion to dismiss, and for the effective preparation of subsequent matters herein." (*Id.*);

- January 17, 2024 Status Conference (Doc. 49, "Jan. 17, 2024 Conf. Tr."): The Court, during the January 17, 2024 conference, arraigned Defendants on the superseding indictment and heard oral argument on Mrs. Orsini's motion to dismiss the indictment. (Jan. 17, 2024 Minute Entry). The Court also asked Defendants about the status of discovery and what a reasonable period of time would be for defense counsel to review the discovery. (Jan. 17, 2024 Conf. Tr. at 26:9-23). Counsel for Mrs. Orsini responded that he would need "about 60 days" to review the discovery, and counsel for Mr. Orsini agreed with that estimate. (*Id.*). Counsel for Mrs. Orsini stated that "I just want to make a record to the Court that even though we are in the posture where there is a new defendant in the case . . . my client wants to have a trial as soon as possible." (*Id.* at 27:14-28:15). The Court stated that it would set a trial "as quickly as I can, but I am going to do it in an orderly fashion" and noted that Mrs. Orsini "has not yet seen her own discovery." (*Id.*). The Court further advised the parties that it would be setting "a firm trial and motion schedule at our next hearing." (*Id.*). The government moved to exclude time through April 1, 2024 and Mrs. Orsini objected to the exclusion of time, with her counsel stating that "[m]y client does not want to consent." (*Id.* at 30:11-31:25). The Court excluded time through April 1, 2024 over Mrs. Orsini's objection,

      finding that "the failure to grant a continuance would deny counsel for both sides a reasonable time to continue to propound and review discovery, to contemplate motion practice, and for the effective preparation of subsequent matters herein, all in accordance with 18 U.S.C. § 3161(h)(7)(B)(iv)." (*Id.*);

- April 1, 2024 Status Conference (Doc. 61, "Apr. 1, 2024 Conf. Tr."): Mrs. Orsini consented to the exclusion of time through June 18, 2024. (Apr. 1, 2024 Conf. Tr. at 10:14-12:1). The Court set a briefing schedule for Mrs. Orsini's motion to sever at this conference and excluded time through June 18, 2024, finding that "failure to grant a continuance would deny counsel the reasonable time to review discovery, prepare and brief a severance motion and for the effective preparation of subsequent matters herein, all in accordance with 18 U.S.C. § 3161(h)(7)(b)(4)." (*Id.*); and

- June 18, 2024 Status Conference (Jun. 18, 2024 Minute Entry): The Court, during the June 18, 2024 conference, heard oral argument on Mrs. Orsini's motion to sever and set a trial date of September 23, 2024. (Jun. 18, 2024 Minute Entry). Mrs. Orsini consented to the exclusion of time through September 23, 2024, the trial date. (*Id.*). The Court accordingly excluded time through September 23, 2024, "in the interest of justice, to allow the parties time to review discovery, contemplate in limine motions, to prepare for trial, and for the effective preparation of subsequent matters herein." (*Id.*). Following the June 18, 2024 conference, the Court entered a Scheduling Order setting forth the relevant pretrial deadlines. (Doc. 62).

## STANDARD OF REVIEW

As the Supreme Court has explained, the "preference in the federal system [is] for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials seek to promote "economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 121 n.6 (1968).

Under Federal Rule of Criminal Procedure 14(a) however, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). A defendant who "seeks separate trials carries a heavy burden of showing that joinder will result in substantial prejudice." *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994). "[A] district court should

grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "The burden is on the defendant to demonstrate that severance is proper, which is not an easy burden to carry." *United States v. Lopez*, No. 18-CR-00736, 2019 WL 4733603, at *4 (S.D.N.Y. Sept. 27, 2019).

"With conspiracy charges, '[t]he established rule is that a non-frivolous conspiracy charge is sufficient to support joinder.'" *United States v. Lemay*, No. 21-CR-00573, 2022 U.S. Dist. LEXIS 217078, 2022 WL 17363595, at *2 (S.D.N.Y. Dec. 1, 2022) (quoting *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988)). It is beyond cavil that "[w]here a defendant is a member of a conspiracy, all the evidence admitted to prove that conspiracy, even evidence relating to acts committed by co-defendants, is admissible against the defendant." *United States v. Salameh*, 152 F.3d 88, 111 (2d Cir. 1998). "Differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003). Moreover, "even the fact that evidence may be admissible against one defendant but not another does not necessarily require a severance." *Id.* "[A] showing of mutually antagonistic defenses may not be enough to *per se* merit severance, such that a defendant may be required to show that the defenses are so irreconcilable as to conflict to the point of being mutually exclusive." *Lopez*, 2019 WL 4733603, at *4.

## ANALYSIS

Mrs. Orsini moves to sever her case from Nicholas Orsini on three grounds. First, Mrs. Orsini argues that severance is necessary to protect her speedy trial rights. (Def. Br. at 4-6). Second, Mrs. Orsini argues that severance is necessary to ensure her ability to testify in her own defense at trial. (*Id.* at 6-7). Third, Mrs. Orsini argues that a joint trial could violate her Sixth

Amendment right to confront witnesses against her. (*Id.* at 7-8). The Court turns to each of these three arguments in turn.

I. <u>Right to a Speedy Trial</u>

Mrs. Orsini argues that her trial will be "delayed indefinitely" so that Mr. Orsini can review discovery and prepare for trial. (Def. Br. at 4-6). This argument ignores the record. This is a complex case involving substantial discovery, and Mrs. Orsini consented to five of the six applications to exclude time under the Speedy Trial Act in this case. The only time when she did not consent to the exclusion of time, during the January 17, 2024 status conference, the Court was well within its discretion in excluding time. Discovery was still being produced to Mrs. Orsini at the time of the January 17, 2024 conference and when the Court asked Mrs. Orsini's counsel how much time he would need to review the discovery, he responded that he would need "about 60 days" to review that discovery. (Jan. 17, 2024 Conf. Tr. at 26:9-27:10). Mr. Orsini's counsel agreed that a 60-day adjournment would be reasonable, and the Court excluded time through April 1, 2024 based in part on those representations. (*Id.*). All of the adjournments under the Speedy Trial Act were reasonable; and on the one occasion where Mrs. Orsini objected, her counsel sought 60 additional days to review discovery—hardly a predicate for a Speedy Trial Act violation. In addition, Mrs. Orsini cannot establish any prejudice from the joinder of Mr. Orsini because the Court set a trial date of September 23, 2024 at the June 18, 2024 conference. (*See* Doc. 62; Jun. 18, 2024 Minute Entry).

The Court accordingly holds that Mrs. Orsini has failed to meet her burden in showing "serious risk that a joint trial would compromise" her right to a speedy trial. *Zafiro*, 506 U.S. at 539.

II.  Right to Testify

Mrs. Orsini argues that she intends to take the stand and testify in her own defense at trial, "but the spousal privilege will hinder her ability to do so in any joint trial." (Def. Br. at 6-7). Mrs. Orsini invokes two distinct marital privileges in support of this argument: the privilege against adverse spousal testimony and the confidential marital communications privilege. "The adverse spousal testimony privilege permits an individual to refuse to testify in a criminal proceeding against her or his spouse." *United States v. Premises Known as 281 Syosset Woodbury Rd., Woodbury, N.Y.*, 71 F.3d 1067, 1070 (2d Cir. 1995). The confidential marital communications privilege "is narrower than the adverse spousal testimony privilege and seeks only to protect the intimacy of private marital communications, but it can be invoked by either spouse to prevent the revelation of such communications." *Id.*

Neither marital privilege requires severance in this case. The Supreme Court concluded in *Trammel v. United States*, that the "witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying." 445 U.S. 40, 53 (1980). The privilege against adverse spousal testimony does not therefore foreclose Mrs. Orsini from testifying against Mr. Orsini, should she choose to do so at their joint trial. *See United States v. Estes*, 793 F.2d 465, 467 (2d Cir. 1986) ("an accused cannot invoke marital testimonial privilege to prevent his or her spouse from testifying"). The confidential marital communications privilege similarly does not require severance. Mr. Orsini could assert this privilege to contest the admissibility of Mrs. Orsini's testimony, if appropriate, regardless of whether Defendants proceeded in a single trial or two separate trials. Separately, and in any event, Mrs. Orsini has failed to carry her heavy burden of showing a substantial prejudice on her right to testify. She has failed to articulate what, if any, specific confidential marital communications she

intends to testify about. The Court cannot determine, absent the identification of specific marital communications, whether such communications are exempt from the marital communications privilege because they "were made in furtherance of unlawful joint criminal activity." *Estes*, 793 F.2d at 467 (collecting cases) ("The above-cited courts which recognize the 'partnership in crime' exception to the confidential communication privilege believe that greater public good will result from permitting the spouse of an accused to testify willingly concerning their joint criminal activities than would come from permitting the accused to erect a roadblock against the search for truth. We agree.").

The Court accordingly holds that Mrs. Orsini has failed to meet her burden in showing "serious risk that a joint trial would compromise" her right to testify in her own defense. *Zafiro*, 506 U.S. at 539.

III.   <u>Right to Confront Witnesses</u>

Mrs. Orsini lastly argues that she anticipates that the government will attempt to introduce statements made by Mr. Orsini while in custody which implicate Mrs. Orsini's Sixth Amendment right of confrontation. (Def. Br. at 7-8). This argument is entirely speculative. Mrs. Orsini does not cite to or otherwise reference any particular statements made by Mr. Orsini. Indeed, the government states that it "knows of no testimonial statements by Nicholas to be subjected to a *Bruton* analysis." (Gov. Br. at 41). Separately and in any event, "the Confrontation Clause simply has no application to nontestimonial statements," such as those made on recorded jail calls. *See United States v. Ramos*, 622 F. App'x 29, 30 (2d Cir. 2015) ("The district court did not violate Soto's constitutional rights when it admitted the recording [of a jail call] into evidence.").

The Court accordingly holds that Mrs. Orsini has failed to meet her burden in showing "serious risk that a joint trial would compromise" her right to confront witnesses. *Zafiro*, 506 U.S. at 539.

## CONCLUSION

For the foregoing reasons, Defendant Jamie Orsini's motion to sever is DENIED.

**SO ORDERED:**

Dated:  White Plains, New York
         June 21, 2024

_____
PHILIP M. HALPERN
United States District Judge

9